**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Better Housing Foundation, an Ohio not for profit corporation; Lindran Properties, LLC, an Illinois limited liability company; BHF Chicago Housing Group B LLC, an Illinois limited liability company; and BHF Chicago Housing Group C LLC, an Illinois limited liability company, | Case Number: 1:18-cv-07070 |
| Plaintiffs, | Judge Charles R. Norgle, Sr. |
| v. | |
| L. Mark DeAngelis, an individual; Integrus Realty Group, LLC, an Illinois limited liability company; and Desak Development Corp., an Illinois corporation, | **JURY DEMAND** |
| Defendants. | |

**PLAINTIFFS' RULE 41 MOTION TO VOLUNTARILY DISMISS**
**ACTION WITHOUT PREJUDICE**

NOW COME Plaintiffs Better Housing Foundation, an Ohio not for profit corporation ("BHF"); Lindran Properties, LLC, an Illinois limited liability company ("Lindran"); BHF Chicago Housing Group B LLC, an Illinois limited liability company ("BHF B"); and BHF Chicago Housing Group C LLC, an Illinois limited liability company ("BHF C") (collectively "Plaintiffs"), by their undersigned counsel, and move to voluntarily dismiss this action, without prejudice, without costs to any party and with leave to refile, pursuant to Federal Rule of Civil Procedure 41(a)(2), and, in support thereof, state as follows:

**Factual and Procedural Background**

1.      Plaintiffs' original Complaint was filed on October 22, 2018. *See* ECF No. 1.

2.     Nine days later, Plaintiffs filed a First Amended Complaint pursuant to Rule 15(a). The Court, *sua sponte*, dismissed the First Amended Complaint on January 4, 2019 for more specific facts regarding the citizenship of Integrus's members in order to satisfy diversity jurisdiction. *See* ECF No. 21.

3.     On January 24, 2019, Plaintiffs filed a Second Amended Complaint. *See* ECF No. 22. Defendants responded to the Second Amended Complaint by filing motions to dismiss. *See* ECF Nos. 23, 25.

4.     On March 8, 2019, without objection, Plaintiffs filed a Motion for an Extension of Time to Respond to Defendants' Motions, stating that Plaintiffs may request leave to file an amended complaint, if appropriate. *See* ECF No. 34.

5.     The Court granted Plaintiffs' Motion for an Extension. *See* ECF No. 36. Pursuant to the Court's Order, on April 9, 2019, Plaintiffs filed a motion seeking leave to file their Third Amended Complaint. *See* ECF No. 37.

6.     On July 31, 2019, the Court granted Plaintiffs' Motion for Leave (ECF No. 50), and Plaintiffs filed their Third Amended Complaint on August 8, 2019. *See* ECF No. 51.

7.     On August 21, 2019, the Parties filed an Agreed Stipulation to reset and continue all deadlines for thirty (30) days, through and including, September 23, 2019, while the Parties explore in good faith whether a settlement can be reached.

## Legal Analysis

8.     Plaintiffs in this Motion seek to voluntarily dismiss this action.

9.     Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that a court may permit a plaintiff to voluntarily dismiss an action.  That Rule provides in pertinent part:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…[u]nless the

222345398.1 95897/337723

order states otherwise, a dismissal under this paragraph (2) is without prejudice. Fed. R. Civ. Pro. 41(a)(2).

10.     Dismissal without prejudice under Rule 41(a)(2) is entirely within the Court's discretion and will only be reversed upon a finding of abuse. *Federal Deposit Insurance Corp. v. Knostman*, 966 F. 2d 1133, 1142 (7th Cir. 1992). "The district court abuses its discretion only when it can be established [that] the defendant will suffer 'plain legal prejudice' as the result of the district court's dismissal of the plaintiff's action." *Id.* (quoting *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988).

11.     The Seventh Circuit has previously held that certain factors are to be considered in determining whether a defendant will suffer "plain legal prejudice," including:

> [t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant. *Kovalic*, 855 F.2d at 473.

12.     Here, none of the foregoing factors indicate Defendants will suffer "plain legal prejudice" as the result of this Court's dismissal of the Plaintiff's action. This action has been pending before this Court for less than one year, no answer to the complaint has been filed, discovery has not yet begun, no motion for summary judgment is pending, and the Plaintiffs have acted in accordance with all applicable rules of this Court and the Federal Rules of Civil Procedure.

13.     Furthermore, there is sufficient explanation for the desire to dismiss the case.  The Plaintiffs in this case are comprised of a not for profit company, and its related subsidiaries, who are in financial difficulties well documented by public disclosures.  At this time, Plaintiffs seek to voluntarily dismiss this action without prejudice because, as non-profit entities suffering financial difficulties, they do not have the resources to pursue this factually complex litigation at

this time, due in substantial part to the allegations documented in Plaintiff's Third Amended Complaint.

14.     In permitting the Plaintiff to voluntarily dismiss this action without prejudice, the Court reduces the likelihood of unnecessary expenditure of additional legal fees, and allows the Plaintiffs to pursue this action on the merits, if and when they are capable of doing so.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order dismissing this action without prejudice, with leave to refile, and without costs to any party.

Date: September 20, 2019                    Respectfully submitted,

Better Housing Foundation, an Ohio not for profit corporation; Lindran Properties, LLC, an Illinois limited liability company; BHF Chicago Housing Group B LLC, an Illinois limited liability company; and BHF Chicago Housing Group C LLC, an Illinois limited liability company,

By:  /s/ Phillip N. Coover

Phillip N. Coover (ARDC # 6292602)
CLARK HILL PLC
130 E. Randolph St., Suite 3900
Chicago, IL 60601
Telephone:  (312) 360-2500
pcoover@clarkhill.com

*ATTORNEYS FOR PLAINTIFFS*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 20, 2019, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System, which will send notice of the filing to counsel for all parties having appeared of record.

/s/ Phillip N. Coover_____
Phillip N. Coover

222345398.1 95897/337723